United States District Court
Southern District of Texas
**ENTERED**
December 02, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LARRY DONELL JORDAN, TDCJ #419295, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-16-3438 |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, et al., | § § § § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

The plaintiff, Larry Donell Jordan (TDCJ #419295), is presently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Jordan has filed a Prisoner Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), challenging the revocation of his parole. Because plaintiff is incarcerated, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After considering all of the pleadings the court concludes that this case should be dismissed for the reasons explained below.

## I. Background

Jordan is currently confined at the Garza West Unit in Beeville, Texas.[1] He sues TDCJ and Robin Abbott, who allegedly serves as an assistant general counsel for the Texas Board of Pardons and Paroles.[2]

Jordan contends that his parole was revoked improperly on May 23, 2016.[3] He appears to claim that Abbott wrongfully denied his appeal from that proceeding, or that he was denied the right to appeal, in violation of his right to due process.[4] Arguing that his parole should not have been revoked, Jordan requests injunctive relief in the form of an order setting aside the revocation and re-opening his parole hearing.[5]

## II. Discussion

Jordan appears to take issue with a particular decision that resulted in the revocation of his parole and his return to prison. It is well established that the writ of habeas corpus provides the exclusive remedy for prisoners challenging the "fact or duration" of confinement. Preiser v. Rodriguez, 93 S. Ct. 1827, 1841 (1973). By contrast, an action under 42 U.S.C. § 1983 is the appropriate

---

[1] Complaint, Docket Entry No. 1, p. 3.

[2] Id. at 3, 4.

[3] Id. at 4.

[4] Id.

[5] Id.

legal vehicle to attack allegedly unconstitutional conditions of confinement. See <u>Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't</u>, 37 F.3d 166, 168 (5th Cir. 1994).

Because Jordan challenges the fact of his incarceration and not the conditions of his confinement, his due process claims are actionable, if at all, under the federal habeas corpus statutes, 28 U.S.C. § 2254, and not 42 U.S.C. § 1983. See <u>Preiser</u>, 93 S. Ct. at 1841. Accordingly, the Complaint will be dismissed for failure to state a claim under § 1983.

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Prisoner's Civil Rights Complaint filed by Larry Donell Jordan (Docket Entry No. 1) is **DISMISSED** for failure to state a claim under 42 U.S.C. § 1983. The dismissal is **without prejudice** to re-filing his claims under 28 U.S.C. § 2254.

2. Jordan's motion for leave to proceed <u>in forma pauperis</u> (Docket Entry No. 2) is **GRANTED**.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff.**

**SIGNED** at Houston, Texas, on this 2nd day of December, 2016.

                                            SIM LAKE
                               UNITED STATES DISTRICT JUDGE